# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| JUNIOR DIAZ QUINTANA, | ) |
| *Petitioner*, | ) |
| v. | ) 1:25-cv-2246 (PTG/IDD) |
| TODD M. LYONS, *et al.* | ) |
| *Respondents*. | ) |

## ORDER

This matter comes before the Court on Petitioner Junior Diaz Quintana's Petition for a Writ of Habeas Corpus (the "Petition"). Dkt. 1. Petitioner is a citizen of Venezuela, who entered the United States without inspection around 2023. *Id.* ¶¶ 15, 45, 47. According to the Petition, since August 2025, Petitioner has been in the custody of Immigration and Customs Enforcement ("ICE") officials at the Farmville Detention Center in Farmville, Virginia, which is within this Court's jurisdiction. *Id.* ¶¶ 45, 48. Petitioner now brings suit against Jeffrey Crawford, Warden of the Farmville Detention Center, and others, alleging that his continued detention violates his constitutional rights. *Id.* ¶¶ 16-21. Respondents contend that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2)(A). Dkt. 4 at 6-22. Upon consideration of the Petition (Dkt. 1) and Respondents' Opposition (Dkt. 4), the Court concludes that it has jurisdiction and that Petitioner is entitled to a bond hearing. Thus, the Petition is **GRANTED**.

For the same reasons cited in *Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *3-5 (E.D. Va. Sept. 19, 2025), the Court finds that it has jurisdiction over Petitioner's challenge to his detention and its jurisdiction is not barred by § 1252(b) or § 1252(g). A district court, may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the

1

Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In the immigration context, habeas is "regularly invoked on behalf of noncitizens." *Hasan*, 2025 WL 2682255, at *3 (quoting *I.N.S. v. St. Cyr*, 533 U.S. 289, 305 (2001)). The Court finds that Petitioner challenges the legality of his detention. Such a challenge is "separate and apart from . . . any deportation or removal hearing or proceeding." *Id.* at *4 (quoting 8 C.F.R. § 1003.19(d)). The Petition does not challenge "removal proceedings, adjudication of removal proceedings, and execution of removal orders." *Id.* at *4 (citing *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999)).

Further, the Court finds that Petitioner is not an "applicant for admission" and is therefore not subject to detention under 8 U.S.C. § 1225(b). This Court rejects Respondents' assertion that any immigrant without lawful status, including the Petitioner, is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *See* Dkt. 4 at 6-22. This Court, and others in this District, have repeatedly rejected Respondents' assertion. *See, e.g., Hasan*, 2025 WL 2682255, at *5-9; *Quispe-Ardiles v. Noem*, No. 1:25-cv-1382, 2025 WL 2783800, at *6 (E.D. Va. Sept. 30, 2025); *Garcia v. Noem*, No. 1:25-cv-1712, 2025 WL 3111223, at *3 (E.D. Va. Nov. 6, 2025). Courts outside of this jurisdiction have also been unequivocal in their rebuff of Respondents' actions. *See Echevarria v. Bondi*, 2025 WL 2821282, at *4 (D. Ariz. Oct. 3, 2025) (noting the overwhelming majority of district courts have rejected Respondents' position."). To be clear, "§ 1225 applies to arriving aliens whereas § 1226 generally governs the process of arresting and detaining aliens present in the United States pending their removal." *Hasan*, 2025 WL 2682255, at *6 (quotation marks omitted) (quoting *Rodriguez v. Perry*, 747 F. Supp. 3d 911, 916 (E.D. Va. 2024)).

Petitioner has continuously resided in the United States since his entry into the country in 2023.[1] Dkt. 1 ¶ 45. Accordingly, Petitioner is entitled to an immediate bond hearing under § 1226(a), and its implementing regulations, before an immigration judge.

Accordingly, it is hereby

**ORDERED** that the Petition for Writ of Habeas Corpus (Dkt. 1) is **GRANTED**; it is further

**ORDERED** that Petitioner be immediately released from custody, with all his personal property, pending his bond hearing before an immigration judge. Petitioner must live at a fixed address and provide that address to the Court within twenty-four (24) hours of the issuance of this Order and appear at the bond hearing once the government notifies him of its date, time, and location; it is further

**ORDERED** that Respondents must provide Petitioner with a standard bond hearing pursuant to 8 U.S.C. § 1226(a) within twenty-one (21) days of the date of this Order; it is further

**ORDERED** that Respondents are **ENJOINED** from denying Petitioner release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2); it is further

**ORDERED** that Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are **ENJOINED** from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or pursuant to 8 U.S.C. § 1231(a)(2); and it is further

---

[1] Additionally, Respondents have not raised any issue of criminal history that should preclude Petitioner's requested relief. *See* Dkt. 4.

**ORDERED** that the parties shall file a status report on the status of Petitioner's bond hearing within three (3) days of the bond hearing. The status report shall detail when the bond hearing occurred, if the bond was granted or denied, and if denied, the reasons for that denial.

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

Entered this 19th day of December, 2025.
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge